UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY LEE MARTIN, #413601,

    Plaintiff,                                  Hon. Janet T. Neff

v.                                              Case No. 1:21-cv-465

UNKNOWN HALSTEAD,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 23). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be denied.

## BACKGROUND

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF). The events giving rise to this action, however, occurred while Plaintiff was incarcerated at the Ionia Correctional Facility (ICF). In his complaint, Plaintiff alleges the following.

On May 2, 2021, Plaintiff asked Corrections Officer Unknown Halstead to turn off a fan that was blowing "in front/above" Plaintiff's cell. Halstead declined Plaintiff's request. Later that day, Plaintiff again asked Halstead to "cut the fan off." Halstead responded by asking Plaintiff, "if I cut it off what are you gonna do for me?"

-1-

Because Halstead is "openly" gay, Plaintiff interpreted Halstead's comment as "sexual." Plaintiff felt "sexually violated" and told Halstead, "I'm not gonna play faggot games and comments queer." Plaintiff then requested a Prison Rape Elimination Act (PREA) grievance form to report Halstead's misconduct. Plaintiff submitted a PREA grievance later that same day.

The following day Halstead charged Plaintiff with sexual misconduct. Specifically, Halstead alleged that "while passing out food trays [Plaintiff] stuck his erect penis out of the food slot asking if I wanted to touch it." Plaintiff was found not guilty of this misconduct charge.

Plaintiff alleges that Halstead subjected him to unlawful retaliation in violation of his First Amendment rights. Specifically, Plaintiff alleges that Halstead charged him with sexual misconduct in retaliation for Plaintiff filing a PREA grievance against him. Defendant Halstead now moves for summary judgment on the ground that Plaintiff has failed to properly exhaust his available administrative remedies. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether

its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d at 735.  Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle."  *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986).  Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## ANALYSIS

Pursuant to 42 U.S.C. § 1997e(a), a prisoner asserting an action regarding prison conditions under 42 U.S.C. § 1983 must first exhaust his administrative remedies.  *See Porter v. Nussle*, 534 U.S. 516, 524 (2002).  This obligation only extends, however, to

such administrative remedies as are available. *Ross v. Blake*, 578 U.S. 632, 642 (2016) (a prisoner "must exhaust available remedies, but need not exhaust unavailable ones").

Prisoners are no longer required to demonstrate exhaustion in their complaints. *See Jones v. Bock*, 549 U.S. 199, 216 (2007). Instead, failure to exhaust administrative remedies is "an affirmative defense under the PLRA" which the defendant bears the burden of establishing. *Ibid*.

With respect to what constitutes proper exhaustion, the Supreme Court has stated that "the PLRA exhaustion requirement requires proper exhaustion" defined as "compliance with an agency's deadlines and other critical procedural rules." *Woodford v. Ngo*, 548 U.S. 81, 90-93 (2006). In *Bock*, the Court reiterated that

> Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.' The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Bock*, 549 U.S. at 218.

MDOC Policy Directive 03.02.130 articulates the applicable grievance procedures for prisoners in MDOC custody. Prior to submitting a grievance, a prisoner must attempt to resolve the issue with staff, unless prevented by circumstances beyond his control, or the issue falls within the jurisdiction of Internal Affairs. MDOC Policy Directive 03.02.130 ¶ Q (Mar. 18, 2019). The prisoner must attempt to resolve the matter within two days of becoming aware that there exists a grievable issue. (*Id.*).

If this attempt is unsuccessful (or such is inapplicable), the prisoner may submit a Step I grievance, but such must be submitted within five business days after attempting to resolve the matter with staff. MDOC Policy Directive 03.02.130 ¶ W (Mar. 18, 2019). The issues asserted in a grievance "should be stated briefly but concisely" and the "[d]ates, times, places, and names of all those involved in the issue being grieved are to be included." MDOC Policy Directive 03.02.130 ¶ S (Mar. 18, 2019).

If the prisoner is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II within ten business days of the response, or if no response was received, within ten business days after the response was due. MDOC Policy Directive 03.02.130 ¶ DD (Mar. 18, 2019). If the prisoner is dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal the matter to Step III. MDOC Policy Directive 03.02.130 ¶ HH (Mar. 18, 2019).

Plaintiff alleges that Defendant Halstead falsely charged him with a misconduct violation in retaliation for exercising his First Amendment rights. Defendant argues that because Plaintiff did not pursue a prison grievance regarding this claim, such is subject to dismissal. The Court is not persuaded.

A hearing was conducted on the Sexual Misconduct charge asserted by Defendant Halstead. (ECF No. 24, PageID.102). The Hearing Officer, finding that video of the incident "does not support" the charge, found Plaintiff "not guilty" of the charge and dismissed the misconduct charge. (*Id.*). As is well understood, when a prisoner claims that he was charged with a misconduct violation for unlawful

retaliatory purposes, the ordinary prison grievance procedure is "irrelevant." *See Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011) (when a prisoner claims that he was charged with a misconduct violation for unlawful retaliatory reasons, "the only avenue" for exhausting such is through the misconduct hearing process); *see also*, *Smith v. Goulet*, 2018 WL 3688468 at *2 (W.D. Mich., Aug. 3, 2018) ("the ordinary grievance procedure does not apply to disputes arising out of misconduct hearings, the prisoner must instead raise the issue in the misconduct hearing").

Instead, the prisoner must raise the retaliation issue at the misconduct hearing. If the misconduct charge is upheld, the prisoner must then file an appeal or application for rehearing to exhaust his administrative remedies. *See, e.g., Ayotte v. Stemen*, 2019 WL 2219739 at *5 (E.D. Mich., Feb. 27, 2019). Defendant concedes, however, that if the misconduct charge is dismissed following the initial hearing, "the rehearing or appeal process. . .is not available." (ECF No. 24, PageID.82).

Plaintiff has submitted an affidavit in which he asserts that during the hearing on the Sexual Misconduct charge he "specifically stated that the ticket was written in retaliation against me for exercising my First Amendment right to redress my grievances." (ECF No. 26-2, PageID.152). Defendants, having conceded that there was nothing more that Plaintiff could have done in the context of misconduct hearing process to exhaust his claims, nonetheless advance the unusual argument that Plaintiff was also required to exhaust his retaliation claims "through the grievance process." (ECF No. 24, PageID.82-84).

Defendants cite no authority which supports this argument. The authority cited by Defendants stands for the proposition that where a prisoner alleges that he was charged with a misconduct for retaliatory reasons, *but was not afforded a hearing on the misconduct charge*, the prisoner must exhaust the claim through the ordinary prison grievance procedure. *See Ali v. Simmons*, 2020 WL 6597562 (W.D. Mich., May 5, 2020); *Parker v. Turner*, 2022 WL 722192 (E.D. Mich., Mar. 9, 2022).

This authority is irrelevant, however, because in this case Plaintiff was afforded a hearing on the misconduct charge. Moreover, as already noted, Plaintiff has presented evidence that he raised the issue of retaliation during the misconduct hearing. As already noted, the Sixth Circuit has held that "the only avenue" for exhausting a claim that a misconduct charge was issued for retaliatory purposes is through the misconduct hearing process. Plaintiff has presented evidence that he complied with this requirement. Defendant has cited no authority supporting their argument that despite having raised the issue of retaliation at the misconduct hearing, Plaintiff must nevertheless exhaust the matter a second time through the prison grievance procedure.

In sum, Defendant has failed to satisfy his burden on the question of exhaustion. Accordingly, the undersigned recommends that Defendant's motion be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment, (ECF No. 23), be denied.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

Respectfully submitted,

Date: September 6, 2022        /s/ Phillip J. Green
                                PHILLIP J. GREEN
                                United States Magistrate Judge