UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY LEE MARTIN,

    Plaintiff,

v.

KYLE HALSTEAD,

    Defendant.

_____/

Case No. 1:21-cv-465

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983. Defendant filed a Motion for Summary Judgment (ECF No. 23) arguing that Plaintiff failed to properly exhaust his available administrative remedies. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (ECF No. 28) recommending that the Court deny Defendant's motion. The matter is presently before the Court on Defendant's objections to the Report and Recommendation. In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Order.

    The Magistrate Judge found that Plaintiff was not required to file a grievance after the alleged retaliatory misconduct charge was dismissed at the misconduct hearing. Defendant argues that this was an error. To exhaust a retaliatory misconduct claim, a prisoner must raise the issue of retaliation at the misconduct hearing. If the misconduct charge is dismissed at the hearing, the

appeal or application for rehearing process is unavailable to the prisoner (ECF No. 24 at PageID.176).

The issue in the instant case is whether a prisoner must file a grievance if the misconduct charge is dismissed at the initial hearing. The Court agrees with the Magistrate Judge's determination that the prisoner need not file a grievance in these specific circumstances. The Sixth Circuit has stated that "the only avenue" for exhausting a claim alleging a retaliatory misconduct charge is through the misconduct hearing process. *Siggers v. Campbell*, 652 F.3d 681, 694 (6th Cir. 2011). Here, Plaintiff complied with that requirement because he claims to have raised the issue of retaliation at the misconduct hearing. After the misconduct charge was dismissed, there was nothing further Plaintiff could do through the misconduct hearing process.

The case cited by Defendant, *Parker v. Turner*, No. 20-12794, 2022 WL 722192 (E.D. Mich. Mar. 9, 2022), is distinguishable. In *Parker*, the hearing officer dismissed the misconduct charge on procedural grounds, rather than substantive grounds. *Id.* at *3-4. In the instant case, the hearing officer found Plaintiff not guilty because the video of the incident did not support the charge (ECF No. 24 at PageID.102). Furthermore, *Parker* is not binding on this Court, and this Court disagrees with the *Parker* court's interpretation of the MDOC policy. In sum, Defendant's argument fails to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion.

Accordingly:

**IT IS HEREBY ORDERED** that Defendant's Objections (ECF No. 29) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 28) is APPROVED and ADOPTED as the Opinion of the Court.

3

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 23) is DENIED.


Dated: February  16 , 2023                              /s/ Janet T. Neff
                                                        JANET T. NEFF
                                                        United States District Judge

3