UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY LEE MARTIN, #413601,

    Plaintiff,                              Hon. Janet T. Neff

v.                                                    Case No. 1:21-cv-465

UNKNOWN HALSTEAD,

    Defendant.

_____/

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant's Motion for Summary Judgment. (ECF No. 41). Pursuant to 28 U.S.C. § 636(b)(1)(B), the undersigned recommends that Defendants' motion be granted in part and denied in part.

**BACKGROUND**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Baraga Correctional Facility (AMF). The events giving rise to this action, however, occurred while Plaintiff was incarcerated at the Ionia Correctional Facility (ICF). In his complaint, Plaintiff alleges the following.

On May 2, 2021, Plaintiff asked Corrections Officer Unknown Halstead to turn off a fan that was blowing "in front/above" Plaintiff's cell. Halstead declined Plaintiff's request. Later that day, Plaintiff again asked Halstead to "cut the fan off." Halstead responded by asking Plaintiff, "if I cut it off what are you gonna do for me?"

-1-

Because Halstead is "openly" gay, Plaintiff interpreted Halstead's comment as "sexual." Plaintiff felt "sexually violated" and told Halstead, "I'm not gonna play faggot games and comments queer." Plaintiff then requested a Prison Rape Elimination Act (PREA) grievance form to report Halstead's misconduct. Plaintiff submitted a PREA grievance later that same day.

The following day Halstead charged Plaintiff with sexual misconduct. Specifically, Halstead alleged that "while passing out food trays [Plaintiff] stuck his erect penis out of the food slot asking if I wanted to touch it." Plaintiff was found not guilty of this misconduct charge.

Plaintiff alleges that Halstead subjected him to unlawful retaliation in violation of his First Amendment rights. Specifically, Plaintiff alleges that Halstead charged him with sexual misconduct in retaliation for Plaintiff filing, or threatening to file, a PREA grievance against him. Defendant Halstead now moves for summary judgment. Plaintiff has responded to the motion. The Court finds that oral argument is unnecessary. *See* W.D. Mich. LCivR 7.2(d).

## SUMMARY JUDGMENT STANDARD

Summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Whether a fact is "material" depends on "whether its resolution might affect the outcome of the case." *Harden v. Hillman*, 993 F.3d 465, 474 (6th Cir. 2021).

-2-

A party moving for summary judgment can satisfy its burden by demonstrating that the non-moving party, "having had sufficient opportunity for discovery, has no evidence to support an essential element of his or her case." *Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the moving party makes this showing, the non-moving party "must identify specific facts that can be established by admissible evidence, which demonstrate a genuine issue for trial." *Amini v. Oberlin College*, 440 F.3d 350, 357 (6th Cir. 2006). The existence of a mere "scintilla of evidence" in support of the non-moving party's position, however, is insufficient. *Daniels v. Woodside*, 396 F.3d 730, 734-35 (6th Cir. 2005).

While the Court must view the evidence in the light most favorable to the non-moving party, that party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Amini*, 440 F.3d at 357. The non-moving party "may not rest upon [his] mere allegations," but must instead present "significant probative evidence" establishing that "there is a genuine issue for trial." *Pack v. Damon Corp.*, 434 F.3d 810, 813-14 (6th Cir. 2006). Likewise, the non-moving party cannot merely "recite the incantation, 'credibility,' and have a trial on the hope that a jury may disbelieve factually uncontested proof." *Fogerty v. MGM Group Holdings Corp., Inc.*, 379 F.3d 348, 353-54 (6th Cir. 2004).

Accordingly, summary judgment is appropriate "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Daniels*, 396 F.3d

at 735. Stated differently, the "ultimate question is whether the evidence presents a sufficient factual disagreement to require submission of the case to the jury, or whether the evidence is so one-sided that the moving parties should prevail as a matter of law." *Harden*, 2021 WL 1257802 at *4.

While a moving party without the burden of proof need only show that the opponent cannot sustain his burden at trial, a moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002). Where the moving party has the burden, "his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986). Accordingly, summary judgment in favor of the party with the burden of proof "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

## **ANALYSIS**

Plaintiff alleges that Defendant Halstead falsely charged him with a misconduct violation in retaliation for filing, or threatening to file, a PREA grievance against him. To prevail on this claim, Plaintiff must satisfy three elements: (1) he was engaged in constitutionally protected conduct; (2) a defendant took adverse action against him which would deter a person of ordinary firmness from continuing to engage in protected conduct; and (3) the adverse action was motivated by Plaintiff's protected conduct. *See*

*Holzemer v. City of Memphis*, 621 F.3d 512, 520 (6th Cir. 2010). Defendant argues that he is entitled to relief because Plaintiff cannot satisfy the first or third elements.

    A.    Protected Conduct

The First Amendment protects the right of prisoners to file grievances against prison officials. *See, e.g., Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018). This protection, however, does not extend to the filing of frivolous grievances. *Ibid.* Defendant argues that because Plaintiff's PREA grievance was frivolous such does not constitute protected conduct. Specifically, Defendant argues that "[t]here was nothing sexual in the words that were allegedly used by [Defendant] Halstead." Defendant instead characterizes his alleged comments to Plaintiff as mere "verbal abuse" from which prisoners enjoy no right to be free.

Michigan Department of Corrections Policy Directive 03.03.140 states that "[p]ursuant to the Prison Rape Elimination Act of 2003 (PREA), this policy details the [MDOC's] zero-tolerance standard toward all forms of sexual abuse and sexual harassment involving prisoners. . ." MDOC Policy Directive 03.03.140 Policy Statement (eff. Apr. 5, 2021). The Policy's definition of sexual harassment includes "[v]erbal comments or gestures of a sexual nature to a prisoner by an employee, including demeaning references to gender, sexually suggestive or derogatory comments about body or clothing, or obscene language or gestures." *Id.* at ¶ T(2).

Interpreted in a light most favorable to Plaintiff, a reasonable juror could conclude that Defendant Halstead's alleged comments, considering the context in which they were

made, were sexual in nature and, therefore, violated MDOC policy. Thus, the Court cannot conclude that Plaintiff's PREA grievance was frivolous. Accordingly, this argument is rejected.

B.     Causation

Defendant Halstead argues that he is entitled to relief because Plaintiff cannot establish the requisite causal link between his allegedly protected conduct and Defendant's alleged adverse action.

With respect to causation, courts recognize that retaliation is easy to allege and "is often very difficult to prove with direct evidence." *King v. Zamiara*, 680 F.3d 686, 695 (6th Cir. 2012). Nonetheless, "bare allegations of malice" are insufficient to state a constitutional claim, as Plaintiff must instead establish "that his protected conduct was a motivating factor" behind the allegedly retaliatory action taken. *Thaddeus-X*, 175 F.3d at 399 (citations omitted). Conclusory allegations of retaliatory motive are insufficient, however. *See Skinner v. Bolden*, 89 Fed. Appx. 579, 579-80 (6th Cir., Mar. 12, 2004). Instead, Plaintiff must, at a minimum, allege a chronology of events from which retaliation can plausibly be inferred. *See Desmone v. Adams*, 1998 WL 702342 at *3 (6th Cir., Sep. 23, 1998); *Muhammad v. Close*, 379 F.3d 413, 417-18 (6th Cir. 2004).

On summary judgment, the causation element is analyzed under the burden-shifting framework articulated in *Mount Healthy City School District Board of Education v. Doyle*, 429 U.S. 274 (1977). *See Thomas v. Eby*, 481 F.3d 434, 441-42 (6th Cir. 2007). Plaintiff must first present evidence that his protected conduct was a motivating factor

in the defendant's action. Even if Plaintiff makes this showing, Defendant is entitled to summary judgment if he demonstrates that he "would have taken the same action even without the protected activity." *Eby*, 481 F.3d at 441-42. Moreover, as the Supreme Court recently held, when alleging retaliation "it is not enough to show that an official acted with a retaliatory motive and that the plaintiff was injured – the motive must *cause* the injury. Specifically, it must be a "but-for" cause, meaning that the adverse action against the plaintiff would not have been taken absent the retaliatory motive." *Nieves v. Bartlett*, 587 U.S. - - -, 139 S.Ct. 1715, 1722 (2019).

Defendant charged Plaintiff with "sexual misconduct; exposure" for allegedly sticking "his erect penis out of the food slot asking [Defendant] if [he] wanted to touch it." (ECF No. 42 at PageID.241). A hearing officer found evidence to support this charge lacking and, therefore, found Plaintiff not guilty of the alleged misconduct. (ECF No. 42 at PageID.243). Furthermore, Defendant charged Plaintiff with this unsubstantiated misconduct immediately after Plaintiff filed, or threatened to file, a PREA grievance against Defendant. These facts are sufficient for a reasonable juror to conclude that Defendant Halstead charged Plaintiff with this misconduct in retaliation for Plaintiff filing, or threatening to file, a PREA grievance against him.

Defendant argues that he is nonetheless entitled to relief because he *could have* instead charged Plaintiff with a misconduct violation based upon comments Plaintiff made to him during the encounter in question. Plaintiff concedes that, in response to Defendant Halstead's alleged harassment he told Halstead, "I'm not going to play faggot

games and comments, you queer." (ECF No. 42 at PageID.261). Defendant argues that because he could have instead charged Plaintiff with verbal harassment, Plaintiff cannot establish the necessary causal connection.

As Defendant notes, he is entitled to relief if he can establish that he "would have taken the same action in the absence of the protected activity." *Eby*, 481 F.3d at 441-42. The problem with Defendant's argument, however, is that he has failed to make the requisite showing. Even if it is assumed that Defendant *could have* charged Plaintiff with verbal harassment, the fact remains that Defendant *did not* charge him with this offense. Instead, Defendant charged Plaintiff with placing his penis in the food slot and asking Defendant if he wanted to touch it. This is a very different, and undoubtedly much more serious, charge than verbal harassment. Defendant's argument that Plaintiff "admits to behavior that fits the definition for the misconduct to which he was charged" is unpersuasive. While Plaintiff concedes that he engaged in conduct which arguably would have supported a verbal harassment charge, Plaintiff has not conceded that he placed his penis in the food slot or asked Defendant to touch his penis.

That Defendant could arguably have charged Plaintiff with verbal harassment is, ultimately, not relevant as the question is whether Defendant can establish that he would have *taken the same action* in the absence of Plaintiff's protected conduct. Stated differently, the question is not whether Defendant could have charged Plaintiff with a different misconduct, based on altogether different conduct, but whether Defendant can establish that, in the absence of Plaintiff's protected conduct, he would still have charged

Plaintiff with placing his penis in the food slot. Interpreting the evidence in Plaintiff's favor, a reasonable juror could conclude that Defendant falsely charged Plaintiff with a misconduct, more serious than Plaintiff's actions warranted, in retaliation for Plaintiff filing, or threatening to file, a PREA grievance. Accordingly, this argument is rejected.

C. Qualified Immunity

The doctrine of qualified immunity recognizes that government officials must be able to carry out their duties without fear of litigation. *See Davis v. Scherer*, 468 U.S. 183, 195 (1984). They can do so only if they reasonably can anticipate when their conduct may give rise to liability for damages and if unjustified lawsuits are quickly terminated. *Ibid.* When government officials perform discretionary functions, they are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *see also, Behrens v. Pelletier*, 516 U.S. 299, 301 (1996).

Defendant argues that he is entitled to qualified immunity "because [Plaintiff] has not demonstrated that any clearly established constitutional right has been violated." As discussed above, however, a reasonable juror could find that Defendant Halstead unlawfully retaliated against Plaintiff. Moreover, the right which Plaintiff seeks to enforce was clearly established at the time of the relevant events. *See, e.g., Scott v. Churchill*, 377 F.3d 565, 571-72 (6th Cir. 2004) ("the false issuance of a misconduct charge is unconstitutional retaliation"). Accordingly, this argument is rejected.

D. Eleventh Amendment

Plaintiff has sued Defendant Halstead in both his personal and official capacities. Defendant argues that Plaintiff's official capacity claims must be dismissed.

An action asserted against a State official in his official capacity is considered an action against the State. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991). The Eleventh Amendment to the United States Constitution, however, provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend XI. This provision has long been interpreted as precluding "federal jurisdiction over suits against nonconsenting States." *Kimel v. Florida Board of Regents*, 528 U.S. 62, 72-73 (2000).

The Eleventh Amendment, therefore, generally precludes federal court actions against a State unless that state has waived its sovereign immunity or consented to suit in federal court. *See Grinter v. Knight*, 532 F.3d 567, 572 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989)). The Court notes that the State of Michigan "has not consented to being sued in civil rights actions in the federal courts." *Johnson v. Unknown Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). Accordingly, the undersigned recommends that Plaintiff's official capacity claims asserted against Defendant Halstead in his official capacity be dismissed.

The Court recognizes that there exists an exception to this general rule for claims seeking prospective injunctive or declaratory (non-monetary) relief. *See Ex Parte*

*Young*, 209 U.S. 123 (1908); *S & M Brands, Inc. v. Cooper*, 527 F.3d 500, 507-08 (6th Cir. 2008) (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989)). While Plaintiff does request injunctive relief in his complaint, he is not entitled to such. Plaintiff requests that the Court order Defendant to "cease writing false misconducts and harassing prisoners." (ECF No. 1 at PageID.9). As courts recognize, however, "obey-the-law" injunctions are not proper. *See, e.g., Perez v. Ohio Bell Telephone Co.*, 655 Fed. Appx. 404, 410-11 (6th Cir., July 14, 2016) ("The Supreme Court has warned against 'sweeping injunction[s] to obey the law' and has cautioned courts about their 'duty to avoid' such orders"). The undersigned recommends, therefore, that Plaintiff's request for injunctive relief be denied.

## **CONCLUSION**

For the reasons articulated herein, the undersigned recommends that Defendant's Motion for Summary Judgment (ECF No. 41) be granted in part and denied in part. Specifically, the undersigned recommends that Plaintiff's request for injunctive relief be denied and Plaintiff's claims for monetary damages against Defendant Halstead in his official capacity be dismissed. The undersigned further recommends that Plaintiff's claims otherwise proceed forward.

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to

appeal the District Court's order.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).

                Respectfully submitted,

Date: September 26, 2023       /s/ Phillip J. Green
                    PHILLIP J. GREEN
                    United States Magistrate Judge