UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICKEY LEE MARTIN,

    Plaintiff,

v.

UNKNOWN HALSTEAD,

    Defendant.
_____/

Case No. 1:21-cv-465

HON. JANET T. NEFF

## OPINION AND ORDER

This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983.  Defendant filed a Motion for Summary Judgment (ECF No. 41).  The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that Defendant's motion be granted in part and denied in part (ECF No. 46).  The matter is presently before the Court on Defendant's objections to the R&R (ECF No. 47).  In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the R&R to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

Defendant asserts three objections to the R&R.  First, Defendant argues that the Magistrate Judge erred in accepting Plaintiff's allegation that Defendant is homosexual as true. Second, Defendant argues that the Magistrate Judge erred in finding that the context surrounding the alleged comment could support the inference that it was a sexual remark.  Third, Defendant argues that the Magistrate Judge erred in finding that Defendant was not entitled to qualified immunity.

All three objections are related. The main issue is whether the comment "what can you do for me" given the circumstances could be interpreted as sexual in nature. Defendant may be correct that the Magistrate Judge erred in accepting Plaintiff's assertion that Defendant is "openly" gay. The Court does not condone Plaintiff's apparent reasons for believing that Defendant was gay. Nonetheless, Defendant's sexual orientation is not dispositive.

In this Court's view, the statement "what are you going to do for me" in a prison setting—specifically the segregation unit while the officer is making rounds—could certainly be interpreted by the fact finder as sexual in nature. Plaintiff interpreted the comment as sexual in nature. A reasonable jury could do the same. This question must be decided by a jury. In sum, Defendant fails to demonstrate any legal error in the Magistrate Judge's conclusion. Accordingly, this Court adopts the Magistrate Judge's R&R as the Opinion of this Court.

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 47) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 46) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (ECF No. 41) is GRANTED IN PART and DENIED IN PART.

**IT IS FURTHER ORDERED** that Plaintiff's request for injunctive relief is DENIED and Plaintiff's claims for monetary damages against Defendant Halstead in his official capacity are DISMISSED.

Dated: January 25, 2024

/s/ Janet T. Neff
JANET T. NEFF
United States District Judge